IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

MARK HUDDLESTON,              :

    Plaintiff,                :

vs.                           :      CA 07-0757-C

MICHAEL J. ASTRUE,            :
Commissioner of Social Security,
                              :
    Defendant.

**MEMORANDUM OPINION AND ORDER**

Plaintiff brings this action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for disability insurance benefits supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 20 & 21 ("In accordance with the provisions of 28 U.S.C. 636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States Magistrate Judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")) Upon consideration of the administrative record, plaintiff's

proposed report and recommendation, the Commissioner's proposed report and recommendation, and the parties' arguments at the May 15, 2008 hearing before the Court, it is determined that the Commissioner's decision denying benefits should be reversed and remanded for further proceedings not inconsistent with this decision.[1]

Plaintiff alleges disability due to diabetes mellitus and depression. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.    The claimant has the following severe impairments: diabetes mellitus and depression (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .
>
> **4.    The claimant does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> . . .
>
> **5.    After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform [work activity] at least at the sedentary strength or exertional level, in function-by-**

---

[1] Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (Docs. 20 & 21 ("An appeal from a judgment entered by a Magistrate Judge shall be taken directly to the United States Court of Appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court."))

**function terms (SSRs 83-10 and 96-8p). The claimant's mental residual functional capacity would limit him to unskilled work.**

Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met (20 CFR 404.1567(a) and 416.967(a)).

. . .

On June 8, 2005 Dr. Dannelley completed [a] Physical Capacities Evaluation form for the claimant. On the Physical Capacities Evaluation form Dr. Dannelley noted the claimant's diagnosis was diabetic polyneuropathy and opined that the claimant could sit, stand and/or walk no more than 2 hours each during an entire 8-hour work day, she indicated that the claimant occasionally [could] lift 20 pounds and frequently [could] carry 20 pounds. Dr. Dannelley indicated that the claimant could not use his feet for repetitive movements as in pushing and of leg controls; however, he had no limitation to repetitive use of his hands such as simple grasping, pushing and pulling (arm controls) and fine manipulation. Dr. Dannelley opined that the claimant could occasionally bend, squat, crawl and reach, but never climb. She indicated that the claimant had moderate restriction of activities involving unprotected heights, being around moving machinery, exposure to marked changes in temperature, humidity, dust, fumes and gases and mild restriction of driving automobile equipment.

*In finding that the claimant has the aforementioned residual functional capacity, the undersigned Administrative Law Judge has assigned significant evidentiary weight herein, as required by Social Security Rulings 96-2p and 96-5p, to the*

> *reports and examinations of the treating physician, Dr. Dannelley, who treated the claimant on an intermittent basis from November 2004 through July 2006. It is noted that Dr. Dannelley's assessments of the claimant's physical capacities and limitations are not deemed inconsistent with her own examination findings or with those of other examining or treating physicians as set out in the record evidence.*

. . .

**6.     The claimant is unable to perform any past relevant work (20 CFR 404.1565 and 416.965).**

. . .

**7.     The claimant was born on May 19, 1967 and was thirty-six (36) years old on the alleged disability onset date, which the Regulations define as a "younger individual." (20 CFR 404.1563 and 416.963).**

**8.     The claimant has a limited education and is able to communicate in English (20 CFR 404.1564 and 416.964).**

**9.     Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).**

**10.    Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1560(c), 404.1566, 416.960(c), and 416.966).**

. . .

> If the claimant had the residual functional capacity to perform the full range of sedentary work, a finding of "not disabled" would be directed by Medical-Vocational Rules 201.24, 201.25 and 201.26; however, the claimant's ability to perform all or substantially all of the requirements of this level of work has been impeded by additional limitations. To determine the extent to which these limitations erode the unskilled sedentary occupational base, the Administrative Law Judge asked the vocational expert whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and residual functional capacity. In response to the residual functional capacity, the impartial vocational expert Mr. Barry Murphy identified 3 unskilled sedentary <u>representative</u> occupations, identified in the <u>Dictionary of Occupational Titles (DOT)</u>, and existing in certain numbers in the state and national economies: bench assembler sedentary unskilled with 2500 statewide and 260,000 nationally; order clerk with 2400 statewide and 185,000 nationally and Vehicle Escort Driver with 2,600 statewide and 145,000 nationally.
>
> .   .   .
>
> Based on the reliable testimony of the vocational expert, and based on the entire record evidence, the undersigned concludes that, considering the claimant's age, education, work experience, and residual functional capacity, the claimant has been capable of making a successful adjustment to representative occupations that have existed in significant numbers in the national economy. A finding of "not disabled" is therefore appropriate under the framework of the above-cited rule.
>
> **11.   The claimant has not been under a disability, as defined in the Social Security Act, from April 15, 2004 through the date of this decision (20 CFR 404.1520(g) and 416.920(g)).**

(Tr. 25, 26, 31, 36 & 37 (some emphasis supplied))  The Appeals Council

affirmed the ALJ's decision (Tr. 5-7) and thus, the hearing decision became the final decision of the Commissioner of Social Security.

## DISCUSSION

In all Social Security cases, the claimant bears the burden of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education and work history. *Id.* at 1005. Once the claimant meets this burden, as here, it becomes the Commissioner's burden to prove that the claimant is capable, given his age, education and work history, of engaging in another kind of substantial gainful employment which exists in the national economy. *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

The task for the Magistrate Judge is to determine whether the Commissioner's decision to deny claimant benefits, on the basis that he can perform a limited range of sedentary work activity, is supported by substantial evidence. Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to

support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).

In this case, the plaintiff contends that the ALJ erred in finding he retains the residual functional capacity to perform sedentary work and erred in posing an incomplete hypothetical question to the vocational expert. Because the ALJ's residual functional capacity determination is not supported by substantial evidence,[2] this Court need not reach the other issue raised by plaintiff. *See Pendley v. Heckler*, 767 F.2d 1561, 1563 (11th Cir. 1985) ("Because the 'misuse of the expert's testimony alone warrants a reversal,' we do not consider the appellant's other claims.").

It is clear in this circuit that the Commissioner of Social Security must

---

[2] This finding reaches the ALJ's evaluation of plaintiff's mental impairment as well. In this case, the ALJ failed to evaluate Huddleston's mental impairment (depression) in the manner prescribed by the Commissioner's own regulations, 20 C.F.R. §§ 404.1520a and 416.920a (2007), as well as controlling case law in the Eleventh Circuit, *see Moore v. Barnhart*, 405 F.3d 1208 (11th Cir. 2005). In *Moore*, the Eleventh Circuit joined her "sister circuits in holding that where a claimant has presented a colorable claim of mental impairment, the social security regulations require the ALJ to complete a PRTF and append it to the decision, or incorporate its mode of analysis into his findings and conclusions." 405 F.2d at 1214. In this case, the ALJ neither completed a PRTF nor did he incorporate its mode of analysis in his decision. (Tr. 23-38) "Failure to do so requires remand." *Moore*, 405 F.3d at 1214 (citations omitted).

develop "a full and fair record regarding the vocational opportunities available to a claimant." *Allen v. Sullivan*, 880 F.2d 1200, 1201 (11th Cir. 1989) (citation omitted). The Commissioner must articulate specific jobs that the claimant can perform given his age, education and work history, if any, "and this finding must be supported by substantial evidence, not mere intuition or conjecture." *See id.* (citation omitted). The means by which the Commissioner meets this burden include use of the grids and reliance on vocational expert testimony. *See id*. at 1201-1202.

In this case, the ALJ made the following finding: "**[T]he claimant has the residual functional capacity to perform [work activity] at least at the sedentary strength or exertional level, in function-by-function terms (SSRs 83-10 and 96-8p). The claimant's mental residual functional capacity would limit him to unskilled work**." (Tr. 26, Finding No. 5) The ALJ then proceeded to find that the framework of Rules 201.24, 201.25 and 201.26 of the grids, along with the vocational expert's testimony, directed a finding that plaintiff was not disabled since there exist a significant number of sedentary jobs in the national economy that plaintiff can perform. (Tr. 36 & 37, Findings 10 & 11) The ALJ's reliance upon the framework of the grids and the vocational expert's testimony to satisfy the Commissioner's fifth-step

burden necessarily stands and falls upon his determination that Huddleston retains the residual functional capacity to perform the exertional and non-exertional requirements of sedentary work.

> Sedentary work involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties. Jobs are sedentary if walking and standing are required occasionally and other sedentary criteria are met.

20 C.F.R. §§ 404.1567(a) & 416.967(a) (2007). Social Security Ruling 83-10 provides that "'[o]ccasionally' means occurring from very little up to one-third of the time. Since being on one's feet is required 'occasionally' at the sedentary level of exertion, periods of standing or walking should generally total no more than about 2 hours of an 8-hour workday, and sitting should generally total approximately 6 hours of an 8-hour workday." *Id.*

As is clear from the foregoing discussion, in this circuit the burden is upon the Commissioner at the fifth step of the sequential evaluation process to establish capacity to perform other work and thereby to establish the claimant's residual functional capacity. *See Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995). This Court has held on numerous occasions that the Commissioner's fifth-step burden cannot be met by a lack of evidence or

otherwise, where available, by the residual functional capacity assessment of a non-examining, reviewing physician,[3] *see, e.g., Sharp v. Barnhart*, CA 01-0325-BH-C, but instead must be supported by the residual functional capacity assessment of a treating or examining physician.

In this case, the ALJ purports to rely on the residual functional capacity assessment of plaintiff's treating physician, Dr. Julia Dannelley, in finding that plaintiff can perform exertional work activity at the sedentary level. (*Compare* Tr. 26 *with* Tr. 31) In fact, the ALJ makes it a point to state that in making his residual functional capacity determination he was assigning significant evidentiary weight to the reports and examinations of Dr. Dannelley and, more specifically, that "**Dr. Dannelley's assessments of the claimant's physical capacities and limitations are not deemed inconsistent with her own examination findings or with those of other examining or treating physicians as set out in the record evidence**." (Tr. 31 (emphasis supplied)) The ALJ's clear acceptance of Dannelley's assessments of plaintiff's physical capacities and limitations, however, is at odds with his determination that Huddleston retains the residual functional capacity to perform sedentary work.

---

[3] The opinion of a non-examining, reviewing physician "is entitled to little weight and taken alone does not constitute substantial evidence to support an administrative decision." *Swindle v. Sullivan*, 914 F.2d 222, 226 n.3 (11th Cir. 1990).

This is because sedentary work assumes the ability to sit, stand and walk for 8 hours in an 8-hour workday, SSR 83-10, yet Dr. Dannelley's PCE (Tr. 277) clearly limits plaintiff to sitting a total of 2 hours in an 8-hour workday and standing and/or walking a total of 2 hours in an 8-hour workday (i.e., the ability to sit, stand, and walk a total of 4 hours in an 8-hour workday). Because the ALJ clearly gave significant weight to Dannelley's PCE and same contraindicates the capacity to perform sedentary work for an entire 8-hour workday, *see Rye v. Commissioner of Social Security Administration*, 2008 WL 786663, *1 (11th Cir. 2008) ("Social Security Ruling 96-8p defines an individual's residual functional capacity as the person's maximum remaining ability 'to do sustained work activities in an ordinary work setting on a regular and continuing basis.' [] A 'regular and continuing basis' means eight hours a day, five days a week, or the equivalent work schedule."), there is simply no basis upon which this Court can find that the ALJ's sedentary work determination is supported by substantial evidence. The Commissioner has not satisfied his fifth-step burden of proving that Huddleston is capable of performing other work existing in significant numbers in the national economy and, therefore, the Commissioner's decision denying claimant benefits is reversed and remanded for further proceedings not inconsistent with this

decision.

## **CONCLUSION**

The Court **ORDERS** that the decision of the Commissioner of Social Security denying plaintiff benefits be reversed and remanded pursuant to sentence four of § 405(g), *see Melkonyan v. Sullivan*, 501 U.S. 89, 111 S.Ct. 2157, 115 L.Ed.2d 78 (1991), for further proceedings not inconsistent with this decision. The remand pursuant to sentence four of § 405(g) makes the plaintiff a prevailing party for purposes of the Equal Access to Justice Act, 28 U.S.C. § 2412, *Shalala v. Schaefer,* 509 U.S. 292, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993), and terminates this Court's jurisdiction over this matter.

**DONE** and **ORDERED** this the 28th day of May, 2008.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**